IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01064-TPO

SAYED HAFIZ HUSSAINI,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the ICE Denver Detention Facility,
GEORGE VALDEZ, in his official capacity as Acting Director of the Denver Field Office of United States Immigration and Customs Enforcement, Enforcement and Removal Operations,
TODD LYONS, in his official capacity as Acting Director of United States Immigration and Customs Enforcement, and
TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,

Respondents.

---

**ORDER**

---

**Timothy P. O'Hara, United States Magistrate Judge.**

This matter is before this Court for consideration of Petitioner's Amended Petition for Writ of Habeas Corpus [ECF 5]. Pursuant to 28 U.S.C. § 636(c), the Parties have consented to this Court's jurisdiction for all purposes. ECF 12. Having reviewed the Amended Petition [ECF 5], Respondents' Response to Order to Show Cause [ECF 13], and Petitioner's Reply [ECF 15], and having reviewed the operative case law, the Court **grants** the Amended Petition and orders Petitioner's immediate release from immigration custody.

**BACKGROUND**

Petitioner is a native and citizen of Afghanistan. ECF 5 ¶ 9. He entered the United States on December 23, 2024, and was detained by border patrol officers at that time. *Id.* ¶ 2. He applied for asylum, but an immigration judge denied his application. *Id.* ¶ 3. Therefore, since

early July of 2025 - a period of approximately 14 months, Petitioner has been subject to a final Order of Removal. *Id*. ¶ 4. He has remained in custody the entire time. *Id*. He currently is being detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id*. ¶ 2.

On March 16, 2026, Plaintiff filed his original Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF 1. After counsel appeared on his behalf, ECF 4, Plaintiff filed an Amended Petition for Writ of Habeas Corpus [ECF 5].

On June 1, 2026, Respondents filed their Response [ECF 13]. In it, they do not contest the factual assertions made by Petitioner in the Amended Petition [ECF 5]. Importantly, they concede the date that the final Order of Removal became administratively final was July 5, 2025.[1] ECF 13 at 5. And they offer no affidavit or explanation in support of their efforts to remove Petitioner. Instead, they generally assert that "Respondents do not have information to present to the Court concerning their efforts to remove Petitioner." *Id*.

## JURISDICTION AND LEGAL STANDARD

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The individual in custody bears the burden of proving that their detention is unlawful." *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO,

---

[1] Petitioner attaches a copy of the Order of the Immigration Judge demonstrating a date of June 5, 2025, and reflecting both Parties' waiver of appeal. ECF 5-2.

2026 WL 120253, at *2 (D. Colo. Jan. 15, 2026) (citing *Walker v. Johnston*, 312 U.S. 275, 286 (1941)).

It is undisputed that Petitioner is in immigration custody. This Court therefore has jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2241, to hear his challenge. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *2 (D. Colo. Feb. 24, 2026).

## ANALYSIS

### I. Legal Framework for Detention

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following dates:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2).

After the 90-day removal period, ICE has discretion to continue detaining noncitizens who are subject to a final order of removal. 8 U.S.C. § 1231(a)(6). That detention may not be indefinite, however. Such detention is presumptively reasonable for only six months. *Zadvydas*, 533 U.S. at 701. After that, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must

respond with evidence sufficient to rebut that showing." *Id.* As the length of confinement grows, "what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* For this Petitioner, using July 5, 2025, as the date the final Order of Removal became administratively final, the presumptive six-month period ended on or about January 5, 2026.

**II. Merits of Petitioner's Claim**

Petitioner is being detained pursuant to a final Order of Removal under 8 U.S.C. § 1231(a)(6). ECF 5-2. Petitioner was in immigration custody at the time the final Order of Removal was entered and he has remained in custody ever since, a period of approximately 14 months. ECF 5 ¶¶ 3-4. As a result, Petitioner has been in custody well past the presumptively reasonable six-month period described in *Zadvydas*.

Petitioner also bears the initial burden of showing a "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Based on Petitioner's allegations in the Amended Petition, he meets that burden. He alleges that "despite his continuing cooperation with ICE's efforts and the fact that he has a relative in the United States with whom he could reside if released, he has not been removed and remains in detention with no reasonable prospect of removal to any other country." ECF 5 at 2.

The burden therefore shifts to Respondents to present sufficient evidence to show that removal is likely. *Zadvydas*, 533 U.S. at 701. Respondents have failed to meet their burden. The record contains no specific information that would suggest any meaningful step has been taken towards removing Petitioner from the United States to Afghanistan. *See generally* ECF 13. Furthermore, Respondents do not suggest that there is any plan to remove Petitioner to a third country either. *See id.* As a result, Respondents fail to demonstrate that Petitioner's removal is

likely to occur in the reasonably foreseeable future. *Liberato v. Baltazar*, No. 26-cv-02041-NYW, 2026 WL 2137187, at *3 (D. Colo. July 24, 2026); *see also Aguilar v. Noem*, No. 25-cv-03463-NYW, 2025 WL 3514282, at *6 (D. Colo. Dec. 8, 2025); *Tran*, 2026 WL 764002, at *3 ("[T]he mere chance of removal within an unspecified period of time is not the same as a significant likelihood of removal in the reasonably foreseeable future, [and] unsubstantiated assertions that the government will pursue removal are insufficient to satisfy Respondents' burden.") (quotation altered); *Yaya v. Baltazar*, No. 26-cv-00332-STV, 2026 WL 693128, at *4 (D. Colo. Mar. 12, 2026) ("Courts have found that the remote prospect of removal—to a hypothetical third country that may eventually choose to accept a petitioner—does not make that petitioner's removal reasonably foreseeable.") (quotation altered).

Accordingly, the Court finds that Petitioner's ongoing detention violates his Fifth Amendment right to due process and that he is entitled to habeas corpus relief under *Zadvydas*.

## CONCLUSION

For the reasons stated herein, it is **ORDERED** that:

1) Petitioner's Amended Petition for a Writ of Habeas Corpus [ECF 5] is **GRANTED**;

2) Petitioner shall be released from custody as soon as is immediately practical but no later than the close of the business day on **September 5**, **2026**; and

3) the Parties shall file a Joint Status Report by **September 8, 2026**, to inform the Court of the status of Petitioner's release and whether any additional proceedings are necessary.

DATED at Denver, Colorado, this 4th day of September, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge